Keith Harris, Esq. (NJ Bar No. 4604)
Braff, Harris, Sukoneck & Maloof, P.A.
570 W Mount Pleasant Ave., Suite 200
Livingston, N.J. 07039
(973) 994 6677
kharris@bhsm-law.com

John P. Fuller, Esquire, *pro hac vice pending*
Fuller, Fuller & Associates, P.A.
12000 Biscayne Blvd., Suite 502
North Miami, FL 33181
(305) 891-5199
jpf@fullerfuller.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
TRENTON DIVISION

| | |
|---|---|
| THE INDEPENDENCE PROJECT, INC., a New Jersey Non Profit Corporation, and RONALD MOORE, Individually, | |
| Plaintiffs, | Case No. |
| vs. | |
| BIG SHOP LIMITED LIABILITY COMPANY, a New Jersey Limited Liability Company, | |
| Defendant(s). | |

## COMPLAINT

Plaintiffs, THE INDEPENDENCE PROJECT, INC., a New Jersey Non Profit Corporation, and RONALD MOORE, Individually, on their behalf and on behalf of all other mobility impaired individuals similarly situated, (sometimes referred to as "Plaintiff" or "Plaintiffs"), hereby sue the Defendant, BIG SHOP LIMITED LIABILITY COMPANY, a New Jersey Limited Liability Company, (sometimes referred to as "Defendant"), for Injunctive Relief, damages, attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA") and the New Jersey Law Against

Discrimination (N.J.S.A.).

## COUNT I
## VIOLATION OF TITLE III OF THE
## AMERICANS WITH DISABILITIES ACT, 42 USC § 12181, *et seq.*

1. Plaintiff, Ronald Moore, is an individual residing at 1002 Central Ave., New Providence, NJ 07974, in the County of Union.

2. Plaintiff, THE INDEPENDENCE PROJECT, INC., is a nonprofit corporation formed under the laws of the State of New Jersey. THE INDEPENDENCE PROJECT, INC. maintains its principal office at 1002 Central Ave., New Providence, NJ 07974, in the County of Union.

3. Defendant, BIG SHOP LIMITED LIABILITY COMPANY, a New Jersey Limited Liability Company, holds title to the subject property alleged by the Plaintiffs to be operating in violation of Title III of the ADA.

4. Defendant's property, Lakewood Medical Plaza, located at 681 River Avenue, Lakewood, NJ 08701, in the County of Ocean.

5. Venue is properly located in the District of New Jersey because venue lies in the judicial district of the property situs. The Defendant's property is located in and does business within this judicial district.

6. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also, 28 U.S.C. § 2201 and § 2202.

7. Plaintiff Ronald Moore is a New Jersey resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA, being a quadriplegic. Ronald Moore has

visited the property which forms the basis of this lawsuit on numerous occasions and plans to return to the property in the near future to avail himself of the goods and services offered to the public at the property. The Plaintiff has encountered architectural barriers at the subject property. The barriers to access at the property have endangered his safety. The Plaintiff is also a member of the Plaintiff organization, THE INDEPENDENCE PROJECT, INC., discussed below in paragraph 8.

8. Plaintiff, THE INDEPENDENCE PROJECT, INC., is a nonprofit New Jersey corporation. Members of this organization include individuals with disabilities as defined by the ADA. The purpose of this organization is to represent the interest of its members by assuring places of public accommodation are accessible to and usable by the disabled and that its members are not discriminated against because of their disabilities.

9. THE INDEPENDENCE PROJECT, INC. and its members have suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant has compelled to comply with the requirements of the ADA. One or more of its members has suffered an injury that would allow it to bring suit in its own right. THE INDEPENDENCE PROJECT, INC. has also been discriminated against because of its association with its disabled members and their claims.

10. Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, leases or leases to is known as Lakewood Medical Plaza, and is located at 681 River Avenue, Lakewood, NJ 08701.

11. THE INDEPENDENCE PROJECT, INC. and Ronald Moore have a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance

with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 13 of this complaint. Plaintiffs have reasonable grounds to believe that they will continue to be subjected to discrimination in violation of the ADA by the Defendant. Ronald Moore desires to visit Lakewood Medical Plaza not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

12. The Defendant has discriminated against the individual Plaintiff and members of the corporate Plaintiff organization by denying them access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

13. The Defendant has discriminated, and continue to discriminate, against the Plaintiffs in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of Lakewood Medical Plaza has shown that violations exist. These violations that Ronald Moore personally encountered or observed include, but are not limited to:

**Parking and Exterior Accessible Route**

a) Parking spaces throughout Lakewood Medical Plaza are not maintained; lack access aisles contain slopes and abrupt changes of level within the spaces, violating Sections 502 and 502.4 of the 2010 Accessibility Standards. These conditions prevent Mr. Moore from loading and unloading from his vehicle freely and safely.

b) Curb ramps and ramps provided to access stores at Lakewood Medical Plaza are unsafe for wheelchair users and are not provided in some areas of the center. The curb ramps contain abrupt changes of level, contain cross slopes and slopes beyond the limits, violating Sections 405, 406 and 502.7 of the 2010 Accessibility Standards. This condition makes it dangerous for Mr. Moore to access the property.

c) The exterior accessible route from parking spaces at Lakewood Medical Plaza fails to lead to ramps or curb ramps and was found to contain cross slopes and abrupt changes of level, violating Sections 403.4 and 402 of the 2010 Accessibility Standards. An accessible route for Mr. Moore is not provided throughout the plaza, which created a dangerous situation for Mr. Moore.

d) Entering tenants throughout Lakewood Medical Plaza is impeded by abrupt changes of level and slopes at the base of doors, violating Section 404 of the 2010 Accessibility Standards. This condition makes it very difficult for Mr. Moore to get around the plaza and poses significant risk to his safety. This condition prevented Mr. Moore from entering the tenant's space without assistance.

e) Lakewood Medical Plaza fails to provide a safe accessible route to the adjacent bus stop, street or sidewalk, violating Section 206.2.1 of the 2010 Accessibility Standards. This condition forced Mr. Moore to use the dangerous vehicular route to access the property.

**Access to Goods and Services**

f) Pita Hut and Village Pizza South fail to provide accessible dining tables, violating Section 902 of the 2010 Accessibility Standards. This condition prevents Mr. Moore from entering without assistance.

g) Payment counters throughout Lakewood Medical Plaza are mounted beyond the reach of Mr. Moore, violating Sections 308 and 904 of the 2010 Accessibility Standards. As a result of the non-compliant counters, Mr. Moore finds it difficult to transact business at the Lakewood Medical Plaza, including Pita Hut and Village Pizza, and was humiliating to Mr. Moore.

**Restrooms**

h) Restrooms at Lakewood Medical Plaza including Pita Hut and Village Pizza South were reported to be unsafe for use by the Plaintiff. Inspection revealed Mr. Moore was unable to use the restrooms safely due to a lack of accessibility. Including, inaccessible water closets which lack proper controls and wheelchair maneuvering space violating Section 601 of the 2010 Accessibility Standards. This condition made it difficult for Mr. Moore to use the restroom independently.

i) Restrooms at Lakewood Medical Plaza provide dispensers beyond reach of wheelchair users and were inaccessible to the plaintiff, violating Section 308 of the 2010 Accessibility Standards.

l) Lavatories at Pita Hut and Village Pizza South lack knee clearance and accessibility preventing the plaintiff from freely accessing the lavatory, violating Section 606 the 2010 Accessibility Standards.

5

m) Pita Hut and Village Pizza South that contain improper centerlines for the water closets and flush controls mounted on the wall side, violating Section 604 of the 2010 Accessibility Standards. This condition made it difficult to use water closets without assistance.

n) Restrooms provided at Lakewood Medical Plaza provide improper identification signage and is impeded by improper door hardware with a lack of maneuvering space to enter/exit, violating Section 404 of the 2010 Accessibility Standards. This condition prevented Mr. Moore from using these restrooms.

14.   All of the foregoing violations are also violations of the 1991 Americans with Disabilities Act Accessibility Guidelines (ADAAG), and the 2010 Standards for Accessible Design, as promulgated by the U.S. Department of Justice.

15.   The discriminatory violations described in paragraph 13 are not an exclusive list of the Defendant's ADA violations. Plaintiffs require the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The individual Plaintiff, the members of the Plaintiff group, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The individual Plaintiff, the members of the Plaintiff group and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

16.   Defendant has discriminated against the individual and corporate Plaintiffs by denying them access to full and equal enjoyment of the goods, services, facilities, privileges,

advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against the Plaintiffs, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

17. Plaintiffs are without adequate remedy at law and are suffering irreparable harm. Considering the balance of hardships between the Plaintiffs and Defendant, a remedy in equity is warranted. Furthermore, the public interest would not be disserved by a permanent injunction.

18. Plaintiffs have retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

19. Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26,

1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

20. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiffs or waived by the Defendant.

21. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiffs Injunctive Relief, including an order to require the Defendant to alter Lakewood Medical Plaza to make its facilities readily accessible and useable to the Plaintiffs and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiffs respectfully request:

A. The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

B. Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other

8

individuals because of the absence of auxiliary aids and services.

C. An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

D. Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

## COUNT II
## VIOLATION OF NEW JERSEY LAW AGAINST DISCRIMINATION

22. Plaintiffs reallege all prior obligations as if fully set forth herein. Plaintiffs' repeat the allegations contained in all of the proceeding paragraphs.

23. Defendant's facility is a place of public accommodation as defined by N.J.S.A. 10:5-5, (New Jersey Law Against Discrimination).

24. New Jersey law provides that all persons shall have the opportunity to obtain all the accommodations, advantages, facilities and privileges of any place of public accommodation without discrimination on the basis of disability. This opportunity is recognized and declared to be a civil right. (See, N.J.S.A. 10:5-4.)

25. As a result of the aforementioned discrimination, Plaintiff, Ronald Moore has sustained emotional distress, mental anguish and suffering and humiliation, and other injuries, in violation of the New Jersey Law Against Discrimination.

**WHEREFORE**, Ronald Moore demands judgment for damages, attorneys' fees, litigation expenses, including expert fees and costs pursuant to the New Jersey Law Against Discrimination.

Date: Feb. 16, 2017

Respectfully Submitted,

_____
KEITH HARRIS, ESQ.
New Jersey Bar No. 4604

Braff, Harris, Sukoneck & Maloof, P.A.
570 W Mount Pleasant Ave., Suite 200
Livingston, N.J. 07039
Ph: (973) 994 6677
Fax: (973) 994-1296
kharris@bhsm-law.com

John P. Fuller, Esquire, *pro hac vice pending*
FULLER, FULLER & ASSOCIATES, P.A.
12000 Biscayne Blvd., Suite 502
North Miami, FL 33181
Ph: (305) 891-5199
Fax: (305) 893-9505
jpf@fullerfuller.com

Counsel for Plaintiffs, Ronald Moore and
The Independence Project, Inc.